# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT PIERCE DIVISION

Case No.

SARA BROOKER,

    Plaintiff,

vs.

LEAK BUSTERS ROOF REPAIRS LLC
and WRC HOLDINGS LLC

    Defendants.

_____/

## COMPLAINT

Plaintiff, SARA BROOKER, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, LEAK BUSTERS ROOF REPAIRS LLC and WRC HOLDINGS LLC (collectively, "Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages, retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Breach of Agreement.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant LEAK BUSTERS ROOF REPAIRS, LLC is authorized to conduct business in Indian River County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant WRC HOLDINGS LLC is a corporate officer of, and/or exercised operational control over the activities of corporate Defendant LEAK BUSTERS ROOF REPAIRS, LLC

Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

5. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Ms. Brooker worked for Defendants as a sales manager, sales representative and project manager from May 1, 2024 until September 27, 2024.

7. Ms. Brooker worked approximately fifty (50) hours per week.

8. Ms. Brooker was entitled to be paid the lawful one and one-half times her regular working hourly rate under the FLSA prescriptions.

9. Ms. Brooker was $1,000 a week and worked approximately two hundred and ten (210) Overtime hours during the period from May 1, 2024 to September 27, 2024.

10. Instead, Ms. Brooker was paid the regular rate and not the appropriate one-and-one-half rate required by the FLSA.

11. Ms. Brooker is owed approximately two thousand one hundred ($2,100.00) in unpaid overtime wages by leak Busters.

12. Additionally, as per the contract between the parties, Ms. Brooker was hired as a sales manager, meaning she would get paid by salary and commissions for 3% on every job after sales were completed or on 10% of self generated jobs.

13. However, Defendant broke the existing contract and Ms. Brooker did not get paid her commissions that she was entitled to.

14. Moreover, Defendant terminated Ms. Broker's employment.

15. Ms. Brooker is owed $31,000 corresponding to the unpaid commissions she was entitled to.

## COUNT I
*Wage & Hour Federal Statutory Violation against LEAK BUSTERS ROOF REPAIRS, LLC*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6-15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendants' business activities involve

those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## **COUNT II**
### *Wage & Hour Federal Statutory Violation against WRC HOLDINGS LLC*

23. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 6-15 of this complaint as if set out in full herein.

24. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant LEAK BUSTERS ROOF REPAIRS, LLC.

25. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

26. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

27. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## BREACH OF CONTRACT

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6-15 of this Complaint as if set out in full herein.

29. In or around September 27, 2024, Defendant breached its agreement with Ms. Brooker by failing to abide by the terms set forth therein and failing to pay Ms. Brooker.

30. Plaintiffs suffered damages as a result of Defendant's breach of said agreement.
WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorney's fees and any and all other relief that this Honorable Cour deems just and proper.

## COUNT IV
## *Quantum Meruit*

31. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 6-15 of this complaint as if set out in full herein.

32. Plaintiffs conferred a benefit onto Defendant by working for Defendant.

33. Defendant has knowledge of the work and the benefit provided by Plaintiff

34. .Defendant accepted Plaintiff's materials and time.

35. Defendant retains an inequitable benefit from Plaintiff by stealing or otherwise unlawfully taking the money owned by Plaintiffs.

36. Plaintiffs requested that Defendant return the money owed starting and agreed to be paid

in February 2024. To date, Defendant has failed to pay the money owed.

37. Plaintiffs seek damages under *quantum meruit* that are equivalent to the amount of the money paid to Defendant.

WHEREFORE, Plaintiffs seeks a judgment under *quantum meruit* for damages that are equivalent to the amount of money owed by or benefits accepted by Defendant, interest and costs, and other damages deemed just by this Honorable Court. Plaintiffs request a trial by jury.

## COUNT V
### *Unjust Enrichment*

38. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 6-15 of this complaint as if set out in full herein.

39. Plaintiff has conferred a benefit upon Defendants by working for Defendant with the promise of money.

40. Defendant has knowledge of the work performed by Plaintiff and the money owed.

41. Defendant voluntarily accepted the hard work by Plaintiff and refused to pay Plaintiff.

42. Defendant unjustly benefits from the work performed by Plaintiff or otherwise unlawfully taking the money owed to Plaintiff.

43. Plaintiff seeks damages that are equivalent to the amount of the money owed per the agreement.

WHEREFORE, Plaintiffs seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.  Plaintiffs request a trial by jury

**JURY DEMAND**

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: May 6, 2025                    Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000